## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY O. MCINTOSH, | : | |
| Petitioner | : | |
| | : | No. 1:17-CV-01255 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

### I.    Background

On July 17, 2017, the Court received and filed a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 from pro se Petitioner Rodney O. McIntosh, a federal inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania.  (Doc. No. 1.)

Petitioner states that on October 6, 2011, a grand jury charged him with forcible assault.[1]  (Id.)  In Petitioner's instant petition, he argues that the United States District Court for the District of Kansas failed to separate the elements of "forcible assault" and "physical contact" when instructing the jury, and as such, violated his due process rights.  (Id.)  Petitioner seeks to be released from incarceration.  (Id.)

---

[1] Petitioner provides this Court with the United States District Court for the District of Kansas criminal docket number 11-20085-01.

A review of the petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner previously filed a motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the District of Kansas. See United States v. McIntosh, No. 15-2909, 2016 WL 4159723 (D. Kan. Aug. 5, 2016) (dismissing § 2255 petition and denying certificate of appealability).

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[2] For the reasons set forth below, the petition will be summarily dismissed.

## II.    Discussion

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774–75 (2008); see also Swain v. Pressley, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new

---

[2] Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

Conversely, a federal prisoner may challenge the execution of his sentence, such as a claim concerning the denial or revocation of parole, or the loss of good-time credits, by filing a § 2241 petition in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

However, if it the Petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997)). The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. Id. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative.

. . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986).

Here, Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. His claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal, but that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion. In fact, in his previously filed § 2255 petition, the United States District Court for the District of Kansas specifically addressed the claim Petitioner now brings in his instant habeas petition, i.e, whether the court should have separated the elements of "forcible assault" and "physical contact" when instructing the jury. McIntosh, 2016 WL 4159723 at *11-12. The District Court of Kansas found no error in the challenged instruction. Id. at *12.

Accordingly, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right he may have to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court.

## III.    Conclusion

Based on the foregoing, the petition (Doc. No. 1), will be **DISMISSED**

**WITHOUT PREJUDICE** to Petitioner's right to file a § 2255 motion in the

sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§

2244 and 2255(h), as they may apply.  Because Petitioner is not detained because

of a process issued by a state court and the petition is not brought pursuant to §

2255, no action by this Court with respect to a certificate of appealability is

necessary.

An appropriate order follows.