UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY O. MCINTOSH, :
    Petitioner :
        : No. 1:17-CV-01255
v. :
        : (Judge Kane)
UNITED STATES OF AMERICA, :
    Respondent :

**MEMORANDUM**

Presently before the Court is Petitioner's motion for reconsideration (Doc. No. 8), of this Court's August 15, 2017 Order dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 7.) For the reasons that follow, Petitioner's motion for reconsideration will be denied.

**I.    BACKGROUND**

The Court previously summarized the background of this case in its August 15, 2017 Memorandum (Doc. No. 6), wherein the Court provided:

> On July 17, 2017, the Court received and filed a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 from pro se Petitioner Rodney O. McIntosh, a federal inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania. (Doc. No. 1.)
>
> Petitioner states that on October 6, 2011, a grand jury charged him with forcible assault. (Id.) In Petitioner's instant petition, he argues that the United States District Court for the District of Kansas failed to separate the elements of "forcible assault" and "physical contact" when instructing the jury, and as such, violated his due process rights. (Id.) Petitioner seeks to be released from incarceration. (Id.)
>
> A review of the petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner previously filed a motion to vacate, set aside, and correct sentence pursuant to

---

[1] In addition, Petitioner has filed a "motion for judicial inquiries" (Doc. No. 9), with respect to his motion for reconsideration. While the Court does not address the merits of this motion in its Memorandum, that motion will also be denied.

> 28 U.S.C. § 2255 with the United States District Court for the District of Kansas. See United States v. McIntosh, No. 15-2909, 2016 WL 4159723 (D. Kan. Aug. 5, 2016) (dismissing § 2255 petition and denying certificate of appealability).

(Doc. No. 6) (footnote omitted).

In his instant motion for reconsideration, Petitioner argues that this Court "misrepresented the record" by stating that, in his habeas petition, Petitioner argued that the "U.S. District Court for the [District] of [Kansas] failed to 'separate' the elements" of forcible assault and physical contact when instructing the jury. (Doc. No. 8 at 1.) Petitioner maintains that he instead argued that the District Court in Kansas failed to "submit the element of forcibly assault" to the jury.[2] (Id.) Petitioner further asserts that this alleged misrepresentation invokes the savings clause. (Id.)

## II.  LEGAL STANDARD

A motion for reconsideration under Rule 59(e) is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, No. CIV. A. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's

---

[2] The indictment charged Petitioner with nine violations of 18 U.S.C. § 111(a)(1). United States v. McIntosh, No. 15-2909, 2016 WL 4159723, *10 (D. Kan. Aug. 5, 2016). In that case, the District Court in Kansas provided that § 111 sets forth three separate offenses: (1) simple assault; (2) assault involving physical contact (the offense for which Petitioner was indicted and for which he was convicted); and (3) assault involving a deadly or dangerous weapon or inflicting bodily injury. Id. at *10.

Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

In this case, Petitioner fails to satisfy the above exacting standards. As the Court explained in its prior Memorandum:

> Petitioner challenges the imposition of his sentence, not its execution. Therefore, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner has not met this burden. His claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal, but that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion. In fact, in his previously filed § 2255 petition, the United States District Court for the District of Kansas specifically addressed the claim Petitioner now brings in his instant habeas petition, i.e., whether the [C]ourt should have separated the elements of "forcible assault" and "physical assault" when instructing the jury. McIntosh, 2016 WL 4159723 at *11-12. The District Court [in] Kansas found no error in the challenged instruction. Id. at *12.

(Doc. No. 6.)

It appears that Petitioner attempts to bring this motion for reconsideration on the grounds that this Court misunderstood his position as articulated in his habeas petition. (Doc. No. 8 at 1.) Specifically, Petitioner argues that the District Court in Kansas failed to "submit the element of forcibly assault" to the jury, not that the "U.S. District Court for the [District] of [Kansas] failed to 'separate' the elements" of forcible assault and physical contact when instructing the jury, as this Court provided in its Memorandum. (Id.) In other words, Petitioner argues that the instruction of "forcible assault" that was submitted to the jury should have included "simple assault." A motion for reconsideration is appropriate where the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach, 902 F. Supp. at 527. However, such circumstances are not present with respect to Petitioner's case.

Indeed, as explained in the Court's previous Memorandum, the United States District Court for the District of Kansas addressed this very claim with respect to Petitioner's § 2255 motion. McIntosh, 2016 WL 4159723. On this point, the District Court provided the following:

> 3. Failure to Include Additional Element of "Forcible Assault"
>
> Defendant argues that the Court should have separated the elements of "forcible assault" and "physical contact." Motion to Vacate (Doc. #198) at 13. The Court instructed the jury as follows:
>
> To find defendant guilty of the crime of forcible assault as charged in Counts 1 through 9 of the indictment, the government must prove beyond a reasonable doubt the following essential elements:
>
> > FIRST: on or about the date alleged, defendant forcibly assaulted the individual named in the indictment;
> >
> > SECOND: defendant intentionally performed the act or acts of forcible assault; and

> THIRD: the individual assaulted was a federal officer who was then engaged in the performance of his or her official duty.
>
> As to the first element, the phrase "forcibly assaulted" means that defendant intentionally caused physical contact with the individual and a reasonable person would be offended by the physical contact.
>
> Instructions To The Jury (Doc. # 75) filed December 12, 2012, Instruction 14.
>
> At trial, defendant objected that the above instruction varied from the standard instruction because it did not include the full definition of "forcible assault" which includes simple assault. The Court overruled the objection because the indictment did not charge and the government did not attempt to show that defendant committed "simple assault," i.e. attempt or threat to inflict injury when coupled with an apparent present ability to do so. Trial Transcript – Volume III (Doc. #189) at 903.[3]

McIntosh, 2016 WL 4159723, at *11, 12.[4]

In the present case, the Court concludes that Petitioner's claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal, nor that he lacked a prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255. Further, Petitioner's instant motion for reconsideration does not advance an intervening change in controlling law, provide any evidence that was not previously available to this Court,

---

[3] The District Court provided that "'[s]imple assault' under Section 111(a)(1) is ordinarily defined as a *willful attempt to inflict injury* upon the person or another, or … a *threat to inflict injury* upon the person of another, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm …. In contrast, to find assault with physical contact under Section 111(a)(1), defendant must only intend the act which causes the physical contact, it is irrelevant whether the defendant intended to cause serious bodily injury." McIntosh, 2016 WL 4159723, at *11 (internal citations and quotations omitted).

[4] The District Court specifically addressed that the indictment charged and the jury convicted Petitioner of assault involving physical contact. Id. at *10. The Court further provided that for assault with physical contact to occur, a defendant must intend only to commit the act which causes the physical contact. Id. The court found that because the elements of "simple assault" are not a subset of the elements of assault with physical contact, the court was correct in overruling Petitioner's request for an instruction on the offense of simple assault. Id. at *11.

or show the need to correct a clear error of law or fact or to prevent manifest injustice. Rather, Petitioner merely seeks to reassert the same arguments that he made previously. Petitioner's repetition of his previous assertions simply "cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 146. Accordingly, Petitioner's motion for reconsideration is without merit.

**IV.     CONCLUSION**

For the reasons set forth above, Petitioner's motion for reconsideration (Doc. No. 8), is denied. An appropriate Order follows.